THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| BILL D. FOWLER AND MELODIE FOWLER, | ) )  Case No. 2:10cv01143 |
| Plaintiffs, | ) |
| vs. | )  MEMORANDUM DECISION AND ORDER |
| RECONTRUST COMPANY, N.A., ET AL., | ) ) ) |
| Defendants. | ) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Defendants ReconTrust Company, N.A. ("ReconTrust'), BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") move to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs' legal theory has been rejected by the courts of this district.

On July 10, 2007, Plaintiffs signed a Note in favor of Countrywide Bank FSB for the principal amount of $240,000, to purchase real property in Washington County, Utah. The Note was secured by a Deed of Trust which identified Countrywide Bank FSB as Lender and MERS as Beneficiary as nominee for Lender and its successors and assigns. On August 13, 2007, Plaintiffs signed a Home Equity Line of Credit Agreement in favor of Countrywide Bank FSB in the principal amount of $45,000. Plaintiffs also signed a Deed of Trust securing the Home Equity Agreement. Beneficial

interest to the Trust Deed was assigned to BAC on September 2, 2010. ReconTrust was appointed as successor trustee to the Trust Deed by BAC on September 2, 2010. A Notice of Default was recorded on or about that same date.

Plaintiffs' First Amended Complaint purports to state claims for quiet title and slander of title by which Plaintiffs seek a declaration "that the Deeds of Trust and Corporate Assignment of Deed of Trust is not a lien against the subject property, ordering the immediate release of the Deeds of Trust and Corporate Assignment of Deed of Trust", Am. Compl. at 8, "[d]eclaring the Notes attached to such Deeds of Trust and Corporate Assignment of Deed of Trust as unsecured Notes", *id.*, and "[d]eclaring each Substitution of Trustee and each Notice of Default void and of no effect" id.

## II. STANDARD OF REVIEW

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); *Swanson v. Bixler*, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to

2

support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

### III. DISCUSSION

**A. Quite Title Claim**

The Court agrees with Defendants that Plaintiffs' "entire claim is predicated on MERS' alleged lack of authority to assign beneficial interest under the Trust Deed." Mem. Supp. at 4. In conclusory fashion, Plaintiffs, among other things, allege that "MERS has no authority to act on a trust deed", Am. Compl. ¶ 21, "BAC has no interest in the Deeds of Trust", *id*. at ¶ 33, "ReconTrust has no interest in the Deeds of Trust" *id*. at ¶ 34, and "MERS has no authority to execute the Corporation of [sic] Assignment" *id*. at ¶ 36.

As Defendants note, courts of this district have repeatedly affirmed MERS' power to act as the beneficiary of the Trust Deed as Lender's nominee under Trust Deeds identical to this one. *See Burnett v. Mortgage Electronic Registration Systems, Inc.*, No.

1:09cv0069-DAK, 2009 WL 3582294 (D. Utah October 27, 2009)(holding that MERS is able to take any actions required of the lender, including the ability to pursue foreclosure proceedings and appoint a successor trustee); *Foster v. BAC Home Loan Servicing*, No. 2:10cv247-TS, 2010 WL 3791976 (D. Utah Sept. 22, 2010); *Rodeback v. Utah Financial*, No. 1:09cv134-TC, 2010 WL 2757243 (D. Utah July 13, 2010); *Southam v. Lehman Brothers Bank FSB et al.*, No. 2:10cv45-TS, 2010 WL 3258320 (D. Utah Aug. 17, 2010).

Under the terms of the Trust Deed at issue here, which Plaintiffs signed, MERS was appointed as the beneficiary and nominee for the Lender and its successors and assigns and granted the power to act in their stead, including making assignments and instituting foreclosure.[1] Therefore, MERS is able to take any actions that the Lender could, including the ability to assign beneficial interest under the Trust Deed to BAC. Since that

---

[1]The Trust Deed provides in relevant part as follows:

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS....
...
.... Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

First Am. Compl., Ex. 2. pp 2-3.

assignment was proper, BAC then had the power to appoint ReconTrust as the successor Trustee.[2]

A quiet title claim seeks to extinguish competing interests in the property in favor of the interest of the plaintiff. *Utah State Dept. of Social Services v. Santiago*, 590 P.2d 335, 337 (Utah 1979). To accomplish this, Plaintiffs must prove that their interest is superior to the Trust Deed. Although the Amended Complaint is replete with conclusory statements, it contains no factual allegations sufficient to support this claim. As Defendants note, "Plaintiffs admit that they executed the Trust Deed, and that it was notarized and recorded. There is no claim that the Trust Deed has been reconveyed. The identity of the beneficiary does not affect the validity of the Trust Deed as an encumbrance on Plaintiffs' title, nor does the status of the servicer or trustee." Mem. Supp. at 5. The Court, therefore, agrees with Defendants that there is no basis for Plaintiffs' claim that the Trust Deed is not a valid encumbrance against their tile, and thus, they have no viable claim for quiet title.

---

[2]To the extent Plaintiffs argue that the note must be presented or proved before foreclosing non-judicially, Defendants correctly note that this "show me the note" position has been rejected. *See McGinnis v. GMAC Mortgage Corp.*, No 2:10cv301-TC, 2010 WL 3418204 at *2 (D. Utah Aug. 27, 2010)("Utah law on non-judicial foreclosure contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note").

**B. Slander of Title**

The elements of a slander of title claim are that "(1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages." *First Sec. Bank, N.A. v. Banberry Crossing*, 780 P.2d 1253, 1257 (Utah 1989). Because the substitution and notice of default were correct and authorized by law and the Trust Deed, there was no false or slanderous statement.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Doc. #8) is granted.

DATED this 9th day of March, 2011.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT